Edward COMENOUT, Jr., A Non-Competent Quinault Indian in Tribal Relations, Robert Comenout and Anna Jack Harris, Plaintiffs-Appellants,

v.

STATE OF WASHINGTON, and Washington State Department of Revenue, Glenn Pascall, Director of the Department of Revenue, and the Washington State Liquor Control Board, Leroy Hittle, Chairman, All Jointly and Severally, Defendants-Appellees.

No. 82–3524.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 10, 1983.

Decided Dec. 30, 1983.

Janet Jordan Dillon, Tacoma, Wash., deMers & Thomson, Federal Way, Wash., Robert R. Comenout, Sr., Puyallup, Wash., for plaintiffs-appellants.

Jeffrey D. Goltz, Asst. Atty. Gen., Olympia, Wash., for defendants-appellees.

Before SNEED, NELSON and REINHARDT, Circuit Judges.

SNEED, Circuit Judge:

Plaintiffs Edward Comenout, Jr., Robert Comenout, and Anna Jack Harris appeal from a grant of summary judgment in favor of defendants the State of Washington, two state agencies, and two officials of the agencies. Edward Comenout is a Quinault Indian who operates a cigarette and liquor store on off-reservation trust land in Washington. State officials and local police officers entered the store pursuant to a search warrant and seized cigarettes and liquor because Comenout was not paying state excise taxes.

Plaintiffs filed this suit under 28 U.S.C. §§ 1331(a), 1343 and 42 U.S.C. § 1983 challenging the state's actions. Plaintiffs claimed that enforcement of the tax laws on Indian trust land was illegal and that state agents and local police had made unconstitutional arrests and searches and seizures. Named as defendants were the State of Washington; the Washington State Department of Revenue; Glen Pascall, Director of the Department of Revenue; the Washington State Liquor Control Board; and Leroy Hittle, Chairman of the Liquor Control Board. The complaint sought the return of the confiscated goods, an injunction restraining the state from entering Edward Comenout's property, and

damages. The district court held that the Tax Injunction Act, 28 U.S.C. § 1341, barred the action.

We affirm. The Tax Injunction Act bars individual Indians from suing under section 1983 to challenge the enforcement of state tax laws so long as adequate state remedies are available.

## I.

## FACTS

Edward Comenout, Jr. is a Quinault Indian who operates a cigarette and liquor store on off-reservation trust land in Puyallup, Washington.[1] On August 27, 1981, agents of the Washington State Department of Revenue and the Washington State Liquor Control Board and local police officers entered Comenout's property pursuant to a search warrant and confiscated liquor and cigarettes because Comenout was not paying state excise taxes.

Edward Comenout was not at the store during the search and seizure; however, his brother, Robert Comenout, was present and attempted to stop agents of the Liquor Control Board from inspecting bottles of liquor. Lieutenant Edwin White of the Puyallup Police Department physically restrained Robert Comenout by maneuvering him into a corner of the store. A local police officer also entered a mobile home located on the same property as the store in which Anna Jack Harris, the mother of Robert and Edward Comenout, lived. The police officer entered the front room of the mobile home and said, "Everybody out." The reason for this action, according to the police, was to assure that there was no armed person in the mobile home who could endanger the officers. Anna Jack Harris left the mobile home, although she was allowed to reenter it twice while the officers were still on the scene.

The complaint was filed on October 28, 1981. The district court on September 10, 1982 granted summary judgment in favor of the defendants on the grounds that the Tax Injunction Act, 28 U.S.C. § 1341, barred the action. Plaintiffs filed a timely notice of appeal.[2]

## II.

## DISCUSSION

### A. *The Tax Injunction Act*

We agree with the district court that the Tax Injunction Act governs the disposition of this case. That act provides:

The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.

The district court also relied on *Fair Assessment in Real Estate Association, Inc. v.*

---

**1.** Edward Comenout is a "noncompetent" Indian inasmuch as he is without full power to alienate his property. *See United States v. Nez Perce County,* 267 F. 495, 497 (9th Cir.1917); 25 U.S.C. § 405.

**2.** This appeal is the most recent installment in an ongoing struggle by Edward Comenout to resist payment of state cigarette taxes. In a previous case, he unsuccessfully challenged the state's jurisdiction to tax cigarette sales made on his property. *Matheson v. Kinnear,* 393 F.Supp. 1025 (W.D.Wash.1975). *Matheson* also upheld the collection procedures for Washington's cigarette tax against a due process challenge.

In 1977, the Department of Revenue seized unstamped cigarettes being offered for sale at Comenout's store. Comenout sought to restrain the Department by filing an action in state court. This action was settled by a "Closing Agreement" between Comenout and the Department. E.R. 50–54. Comenout agreed to comply with the State's excise tax laws, "except insofar as any exception may lawfully be held to exist for any Comenout business activity on the Quinault Indian Reservation." E.R. 51. Comenout persisted in selling unstamped cigarettes at his off-reservation store, and on September 21, 1977 the Department filed an action to enjoin that activity and to recover unpaid taxes. The Department won summary judgment and the state court issued a permanent injunction. *Department of Revenue v. Comenout,* No. 259241 (Pierce County·Super. Ct., April 27, 1979). The Washington Court of Appeals dismissed Comenout's appeal as frivolous. *Department of Revenue v. Comenout,* No. 4080–II (Ct.App., June 23, 1980). Comenout was found in contempt on two different occasions for violating injunctions issued by the state trial court.

*McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), in granting summary judgment for the defendants. In *McNary* plaintiffs sought damages under section 1983 from state officials who had allegedly deprived them of equal protection and due process of law by unequal taxation of real property. *Id.* at 105–06, 102 S.Ct. at 180–81. The Court held that the principle of comity bars taxpayers from asserting section 1983 actions against the validity of state tax systems in federal courts. *Id.* at 116, 102 S.Ct. at 186. Because of its reliance on the principle of comity, the Court did not decide whether the Tax Injunction Act, standing alone, would require such a result. *Id.* at 107, 102 S.Ct. at 181.

■ We need not decide whether *McNary*'s comity principle applies to this case because we hold that the Tax Injunction Act itself prohibits plaintiffs' suit. It is true that the Tax Injunction Act does not bar actions brought by the United States or its instrumentalities to enjoin the enforcement of state tax laws. *See Department of Employment v. United States,* 385 U.S. 355, 358, 87 S.Ct. 464, 466, 17 L.Ed.2d 414 (1966). Plaintiffs seek to open a break in the wall of the Tax Injunction Act by referring to Ninth Circuit decisions indicating that individual Indians can sue to enjoin state tax collection under this federal instrumentality exception. *See Moses v. Kinnear,* 490 F.2d 21, 24–25 (9th Cir.1973); *Agua Caliente Band of Mission Indians v. County of Riverside,* 442 F.2d 1184, 1185–86 (9th Cir.1971), *cert. denied,* 405 U.S. 933, 92 S.Ct. 930, 30 L.Ed.2d 809 (1972). Plaintiffs also note that in *Moe v. Confederated Salish and Kootenai Tribes of the Flathead Reservation,* 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976), the Court held that 28 U.S.C. § 1362 confers on an Indian tribe suing in federal court the exception to section 1341 that would be available to the United States if it sued on the tribe's behalf. On these authorities the plaintiffs attempt to build their argument that individual Indi-

ans may challenge the enforcement of state tax laws without being barred by section 1341.

■ We previously have rejected this argument. In *Dillon v. Montana,* 634 F.2d 463 (9th Cir.1980), we held that the federal instrumentality analysis of *Moses* and *Agua Caliente* is inapplicable to suits not brought by an Indian tribe. *Id.* at 469. Furthermore, we found that the exception to section 1341 involved in *Moe* for suits by Indian tribes under section 1362 is not available to individual Indians. *Ibid.* Plaintiffs are individual Indians. The Tax Injunction Act, therefore, applies to plaintiffs' suit insofar as it attempts to "enjoin, suspend or restrain" the enforcement of tax laws of the state of Washington.

B. *Scope of the Bar of the Tax Injunction Act*

■ The complaint seeks to recover the confiscated goods and to enjoin the state from entering Edward Comenout's property except as a customer of the store. The complaint also seeks damages for lost business. We hold that the requested relief constitutes a challenge to the enforcement of the state tax scheme.

Washington levies a tax on the "sale, use, consumption, handling, possession or distribution" of cigarettes within the state. Wash.Rev.Code § 82.24.020. The Department of Revenue enforces the tax by requiring stamps to be affixed on cigarette packages by handlers or sellers of cigarettes. *Id.* § 82.24.030.[3] State law authorizes the Department of Revenue or "any peace officer of the state" to seize cigarettes lacking the required stamp. *Id.* § 82.24.130. Similarly, Washington imposes a tax on the sale of liquor that is collected by the seller from the buyer. *Id.* § 82.08.150. The Liquor Control Board is authorized to seize contraband liquor being sold without legal authority or without col-

---

**3.** An Indian tribe may sell unstamped cigarettes to members of the tribe, but it must collect the tax on sales to non-members. Wash.Rev.Code § 82.24.260; Wash.Admin. Code R. § 458–20–192. *See generally Washington v. Confederated Tribes of the Colville Indian Reservation,* 447 U.S. 134, 141–42, 100 S.Ct. 2069, 2074–75, 65 L.Ed.2d 10 (1980).

lection or payment of taxes. *See id.* §§ 66.32.020, 66.44.010(2), 82.08.050. Obviously the relief requested by the plaintiffs, if granted, would interfere with the enforcement of the state tax scheme and is therefore barred by section 1341.

■ The Tax Injunction Act also deprives the district court of jurisdiction over the claims of unlawful arrest and assault. Plaintiffs admit that the gravamen of their complaint is the state's attempt to enforce its cigarette and liquor taxes on Edward Comenout's property. In these circumstances, maintenance of this suit against the Director of the Department of Revenue and the Chairman of the Liquor Control Board would intrude on the enforcement of the state scheme. *Cf. McNary,* 454 U.S. at 113–15, 102 S.Ct. at 184–85 (noting intrusive effects of damage action against state revenue officials).[4] Section 1341 deprives the district court of jurisdiction to hear the claims based on the alleged assaults and unlawful arrests. *See Raskauskas v. Town of Bethany Beach,* 555 F.Supp. 783 (D.Del. 1983).

### III.

### SOURCE OF PLAINTIFFS' RELIEF

■ Our holding that the district court properly granted summary judgment for the defendants does not suggest that persons are without protection against state procedures to enforce the cigarette and liquor taxes. Plaintiffs do not contend that a plain, speedy and efficient remedy does not exist for challenging in state court the enforcement of the taxes. Indeed, Washington taxpayers who challenge state taxes on constitutional grounds may seek an injunction in state court. *Tyler Pipe Industries, Inc. v. State Department of Revenue,* 96 Wash.2d 785, 638 P.2d 1213 (1982); Wash.Rev.Code § 82.32.150. Washington law also authorizes taxpayers to challenge the seizure of cigarettes or liquor in state forfeiture proceedings. Wash.Rev.Code §§ 66.32.050, 66.32.060 (liquor); *id.* § 82.24.-140 (cigarettes). Moreover, section 1983 claims may be brought in Washington state courts. *See, e.g., Jacobsen v. City of Seattle,* 98 Wash.2d 668, 658 P.2d 653 (1983).

We affirm the grant of summary judgment for the defendants. Each party shall bear its own costs on appeal.

AFFIRMED.

REINHARDT, Circuit Judge, concurring.

I concur fully in Judge Sneed's opinion. I wish to make it clear, however, that in their complaint plaintiffs do not name, or seek to assert any claim against, the state agents or local police officers who supposedly committed the assaults and related torts. Nor in their complaint do plaintiffs in any way attempt to connect the state officials they do name (and those officials are mentioned only in the caption) with the alleged tortious conduct. Accordingly, our holding should not be read to suggest that as a general rule the Tax Injunction Act precludes suits for damages for assaults or similar torts committed by state or local officers in the course of enforcing state tax laws.

---

**4.** Even if the Tax Injunction Act were not involved in this case, the Eleventh Amendment would require dismissal of the section 1983 action with respect to the state and the state agencies. *Quern v. Jordan,* 440 U.S. 332, 339–41, 99 S.Ct. 1139, 1144–45, 59 L.Ed.2d 358 (1979); *Peters v. Lieuallen,* 693 F.2d 966, 970 (9th Cir.1983). We do not reach defendants' arguments that the section 1983 claims against the two state officials must be dismissed because they have qualified immunity or, alternatively, because there is no allegation that they committed any act actionable under section 1983.