**AMAROK CORPORATION, a Utah corporation, Plaintiff–Appellant,**

v.

**STATE OF NEVADA, DEPARTMENT OF TAXATION, Defendant–Appellee.**

No. 89–16161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1991.

Decided June 13, 1991.

R. Dennis Ickes, Nielsen & Senior, Salt Lake City, Utah, for plaintiff-appellant.

John S. Bartlett, Deputy Atty. Gen., Carson City, Nev., for defendant-appellee.

Before WALLACE, C.J., and GOODWIN and FLETCHER, Circuit Judges.

WALLACE, Chief Judge:

The State of Nevada assessed a tax against Amarok Corporation (Amarok) for construction work performed on lands held in trust by the United States for the Te–Moak Bands of Indians. Without pursuing its administrative or judicial remedies under Nevada law, Amarok filed a claim in the district court contending that federal law prohibits Nevada from taxing Amarok's activities on Te–Moak trust lands, and seeking declaratory and injunctive relief against the tax levy. The district court concluded that the Tax Injunction Act (Act), 28 U.S.C. § 1341, precluded it from exercising jurisdiction. This is a ruling of law which we review de novo. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

The Act provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act's express language clearly bars injunctive relief. In addition, we have held that it applies "to suits seeking federal declaratory relief from state taxation." *Dillon v. Montana*, 634 F.2d 463, 464 (9th Cir.1980) (*Dillon*). This is precisely what Amarok's action seeks to do.

The Act " 'is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems.' " *Id.* at 466, *quoting United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir.1979). As long as Nevada provides a remedy that is "plain, speedy and efficient," Amarok's action in federal court is barred by the Act. 28 U.S.C. § 1341. Amarok does not contest the district court's conclusion that the Nevada procedures for challenging a state tax assessment constitute such a plain, speedy and efficient remedy. Thus, unless Amarok's claim comes within an exception to section 1341, it is barred from challenging the tax assessments in federal court. Amarok argues that two such exceptions apply.

A.

Amarok first contends that the district court should hear this case because federal Indian law principles prohibit Nevada from assessing a tax on its on-reservation construction activity. In making this argument, however, Amarok misses the point of section 1341. The Court has stated that "the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground" to invoke the equitable jurisdiction of federal courts. *Matthews v.*

*Rodgers,* 284 U.S. 521, 525–26, 52 S.Ct. 217, 219–20, 76 L.Ed. 447 (1932). Amarok may have a valid argument that the sales and use tax assessment authorized by Nevada law violates federal law, but that issue is not relevant to this appeal. Nevada provides a plain, speedy and efficient remedy, and Amarok has a full and fair opportunity to raise its federal defenses in state court or before the state department of taxation. Thus, merely because Amarok's substantive claim rests on federal legal principles does not exempt it from the constraints of section 1341.

### B.

■ Amarok next argues that the Act should not bar its action because section 1341 does not expressly negate the right of Indians to appear in federal court to protect federal Indian rights. Amarok contends that several circumstances surrounding the passage of section 1341 demonstrate that Congress did not intend to deprive Indians of federal court jurisdiction in this area. Thus, Amarok encourages us to interpret section 1341 to allow federal court access to Indians contesting state tax pronouncements as violative of federal Indian rights.

Section 1341 clearly states that the federal district courts shall not interfere with the collection of *"any* tax under State law" if an adequate remedy is available to the aggrieved party in state court. 28 U.S.C. § 1341 (emphasis added). This broad, simple language of the statute is a firm indication that Congress did not intend to exempt any particular group of people from the jurisdictional bar. If Congress had meant to leave the district courts open to Indians who had federal Indian rights claims against state taxes, Congress surely could have made that clear. When a statute is as clear as this, we need not retreat to examine legislative history to interpret its meaning. *Pride v. Exxon Corp.,* 911 F.2d 251, 255 (9th Cir.1990).

### C.

■ We have previously recognized two exceptions to section 1341's general prohibition, but neither is applicable here. The first is the "federal instrumentality" exception, which operates to allow the United States or its instrumentalities access to the federal courts to enjoin the enforcement of state tax laws. *Comenout v. Washington,* 722 F.2d 574, 577 (9th Cir.1983) (*Comenout*); *Dillon,* 634 F.2d at 468. We have held, however, that "the federal instrumentality doctrine [is] not alone enough to permit Indians to avoid the jurisdictional bar of § 1341." *Dillon,* 634 F.2d at 468, *citing Moe v. Confederated Salish and Kootenai Tribes of the Flathead Reservation,* 425 U.S. 463, 471, 96 S.Ct. 1634, 1640, 48 L.Ed.2d 96 (1976) (*Moe*). Although suits brought by Indian *tribes* may qualify under the federal instrumentality exception, we have clearly held that suits brought by individual Indians do not. *Comenout,* 722 F.2d at 577; *Dillon,* 634 F.2d at 469. Therefore, Amarok, a private Indian-owned entity, may not invoke the federal instrumentality exception to the Act.

■ The second exception to the Act is provided to Indian tribes by virtue of 28 U.S.C. § 1362. That section provides that "[t]he district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body … wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." *Id.* In *Moe,* the Supreme Court concluded that section 1362 "confers on an Indian tribe suing in federal court the exception to section 1341 that would be available to the United States if it sued on the tribe's behalf." *Comenout,* 722 F.2d at 577; *see Moe,* 425 U.S. at 474, 96 S.Ct. at 1642. Amarok argues that "reasoning by analogy" supports its view that individual Indians should similarly not suffer the jurisdictional bar of section 1341. We have previously rejected Amarok's analogy argument, however, in "refus[ing] to extend the [section 1362] exception to include individual members of Indian tribes." *Ashton v. Cory,* 780 F.2d 816, 821 (9th Cir.1986); *see Comenout,* 722 F.2d at 577; *Dillon,* 634 F.2d at 469. Thus, this second exception is also not available to Amarok.

■ Amarok contends that any reliance on *Dillon* or *Comenout* is misplaced because those cases involved Indians who sought to escape taxation "of an off-reservation activity that had nothing to do with competing federally protected rights." Be-

cause Amarok's activities occurred *within* Indian trust lands, it argues, those cases do not apply. Contrary to Amarok's assertions, however, *Dillon* involved an attempt by Montana to tax the income earned by Indians *on* the Crow Indian Reservation. 634 F.2d at 464. In addition, *Comenout* dealt with the taxation of an Indian who operated a retail business on Indian trust lands adjacent to a reservation. 722 F.2d at 575. Amarok's attempt to distinguish the cases on their facts therefore fails. But more important, Amarok cites no authority holding that the application of section 1341 depends on the situs of the Indian activity that the state seeks to tax. The holdings of *Dillon* and *Comenout* are not dependent on such facts. Although Indian tribes may escape the constraints of section 1341, individual Indians may not.

We therefore affirm the district court's holding that section 1341 operates to bar Amarok's claim in federal court.

AFFIRMED.