945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nona Harding MARIGOLD, Plaintiff-Appellant,
v.
John P. COMEAUX, individually and as Executive Director of
the Department of Taxation of the State of Nevada,
Defendant-Appellee.
 No. 90-16467.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 25, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nona Marigold appeals the district court's order dismissing for lack of jurisdiction her action challenging the constitutionality of Nev.Rev.Stat. Chapter 372A, which taxes illegally controlled substances. The district court found that her action seeking injunctive relief was barred by the Tax Injunction Act, 28 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Amarok Corp. v. State of Nev., Dep't of Taxation, 935 F.2d 1068, 1069 (9th Cir.1991), and affirm.
 
 The Tax Injunction Act provides:
 
 3
 The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.
 
 
 4
 28 U.S.C. § 1341. The act is a bar to both declaratory and injunctive relief in federal court. Amarok, 935 F.2d at 1068. As long as Chapter 372A imposes a tax under state law and Nevada provides a plain, speedy and efficient remedy in the state courts, Marigold's action in federal court is barred. See id.
 
 
 5
 Marigold contends that her action is not barred by the Tax Injunction Act because section 372A.070[1] is a penalty rather than a "tax under state law." Marigold points to the legislative history of the measure, the amount of the tax, and the fact that the measure taxes an illegal activity as evidence that it is a penalty.[2]
 
 
 6
 "It is beyond serious question that a tax does not cease to be valid merely because it regulates, discourages, or even definitely deters the activities taxed." United States v. Sanchez, 340 U.S. 42, 44 (1950). Here, Chapter 372A is, on its face, a tax measure. Thus, although the legislative history shows that one purpose of chapter 372A was to deter drug trafficking, that does not render the tax invalid. See id.
 
 
 7
 A tax which is so excessive it will destroy a particular business is nevertheless valid. Pittsburgh v. Alco Parking Corp., 417 U.S. 369, 374 (1974). Thus, the amount of the tax under Chapter 372A does not render it invalid.
 
 
 8
 Finally, a tax on an illegal activity is valid as long as the tax is not conditioned upon the commission of a crime. Sanchez, 340 U.S. at 45; cf. United States v. Constantine, 296 U.S. 287 (1935) (tax imposed upon commission of crime held to be a penalty); United States v. LaFranca, 282 U.S. 568 (1931) (tax assessed upon evidence of illegal act held to be a penalty). The tax in Chapter 372A is not conditioned on the commission of a crime. Thus, the district court correctly concluded that Chapter 372A is a "tax under state law."
 
 
 9
 Marigold next contends that her action is not barred because she did not have a plain, speedy and efficient remedy under state law. The Tax Injunction Act prohibits federal district courts from enjoining state tax collection where the state provides a plain, speedy and efficient state court remedy. 28 U.S.C. § 1341; Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 512 (1981); Amarok, 935 F.2d at 1069. The state court remedy must provide a way for the taxpayer to bring a constitutional challenge to the statute while preserving the right to challenge the amount of tax due. Rosewell, 450 U.S. at 512.
 
 
 10
 Here, Marigold could have filed a petition for redetermination of the deficiency within 30 days of receiving the notice of deficiency pursuant to Nev.Rev.Stat. § 360.360. Chapter 360 is applicable to all taxes within Title 32, including Chapter 372A. Nev.Rev.Stat. § 360.300. Further, Marigold could have sought judicial review in state court of an administrative hearing officer's adverse decision. Nev.Rev.Stat. § 233B.130(1)(b). Marigold could have obtained review of her constitutional claim in state court prior to paying the tax.[3] Thus, Marigold has a plain, speedy and efficient remedy in state court.[4]
 
 
 11
 Marigold's action sought declaratory and injunctive relief from a tax under state law. Marigold has a plain, speedy and efficient remedy available to her in state court. Therefore, the district court correctly found that 28 U.S.C. § 1341 barred Marigold's action, and thus, properly dismissed her action and denied her motion for a preliminary injunction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 372A.070 provides:
 
 
 [1]
 A person shall not sell, offer to sell or possess with the intent to sell a controlled substance unless he first:
 (a) Registers with the department as a dealer in controlled substances and pays an annual fee of $250; and
 (b) Pays a tax on:
 (1) Each gram of marihuana, or portion thereof, of $100;
 (2) Each gram of any other controlled substance, or portion thereof, of $1,000; and
 (3) Each 50 dosage units of a controlled substance that is not sold by weight, or portion thereof, of $2,000....
 
 
 [3]
 The department shall not require a registered dealer to give his name, address, social security number or other identifying information on any return submitted with the tax
 
 
 [4]
 Any person who violates subsection 1 is subject to a civil penalty of 100 percent of the tax in addition to the tax imposed by subsection 1. Any civil penalty imposed pursuant to this subsection must be collected as part of the tax
 
 
 [5]
 The district attorney of any county in which a dealer resides may institute and conduct the prosecution of any action for violation of subsection 1
 
 
 [2]
 Marigold argues that Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963), provides the applicable standard for determining whether Chapter 372A is a tax or a penalty. Kennedy deals with loss of citizenship for draft evasion. It does not address the issue of whether a tax is a penalty, and has not been applied to a case involving this issue. The Supreme Court, however, addressed the issue of whether a tax statute is a penalty in United States v. Sanchez, 340 U.S. 42, 44 (1950). Thus, Sanchez offers the correct standard for resolving the issue in this case
 
 
 [3]
 Marigold contends that if she avails herself of her state court remedy, her fifth amendment right will be violated because any evidence she submits regarding the assessment can be used against her in a criminal proceeding. Nev.Rev.Stat. § 372A.080, however, specifically provides that no information obtained pursuant to Chapter 372A may be used in a criminal prosecution. Thus, Marigold's state court remedies do not violate her fifth amendment right
 
 
 [4]
 Marigold concedes that a state must provide only one type of remedy in order to meet the Rosewell requirement of a "plain, speedy and efficient remedy." Thus, because we conclude that Nevada provides a prepayment remedy, we do not address Marigold's arguments regarding injunction and refund remedies