15 F.3d 1083
 73 A.F.T.R.2d 94-826
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael George BROWN, Plaintiff-Appellant,
v.
William D. RATTERMAN; Jo Ann Inks, Defendants-Appellees.
 No. 93-15789.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Filed Jan. 6, 1994.
Refiled Jan. 24, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 ORDER
 
 1
 The memorandum disposition filed January 6, 1994 is withdrawn. The clerk is directed to file the attached memorandum disposition.
 
 
 2
 MEMORANDUM**
 
 
 3
 Michael George Brown appeals pro se the district court's dismissal for lack of jurisdiction of his 42 U.S.C. Sec. 1983 action alleging that his constitutional rights were violated in connection with a local property tax assessment and seizure for public sale of Brown's property by defendants William Ratterman and Jo Ann Inks. Brown sought an injunction to stop the sale of his property and a declaration that property taxes could not be assessed against the property. The district court found that Brown's action was barred by the Tax Injunction Act ("Act"), 28 U.S.C. Sec. 1341. We have jurisdiction to review the district court's decision under 28 U.S.C. Sec. 1291. We review de novo, Amarok Corp. v. State of Nev., Dep't of Taxation, 935 F.2d 1068, 1069 (9th Cir.1991), and affirm.
 
 
 4
 The Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. Sec. 1341. "[A] state court remedy is plain speedy and efficient only if it provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." California v. Grace Brethren Church, 457 U.S. 393, 411 (1982) (quotations omitted). The Act is a bar to both declaratory and injunctive relief in federal court. Amarok, 935 F.2d at 1069.
 
 
 5
 Both the United States and California Supreme Courts have expressly held that a plaintiff may assert a 42 U.S.C. Sec. 1983 claim in state court. See Martinez v. California, 444 U.S. 277, 283 n. 7 (1980); Brown v. Pritchess, 531 P.2d 772 (1975). Thus, for purposes of section 1341's jurisdictional bar, Brown has a plain, speedy and complete state remedy in which he can adjudicate his section 1983 action challenging the California state property tax. Accordingly, the district court properly concluded that it lacked jurisdiction to consider the matter. See 28 U.S.C. Sec. 1341; Amarok, 935 F.2d at 1069.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3