**RED NATION PARTNERSHIP; Harold Faris; Alex Joseph Bercier, Plaintiffs—Appellants,**

v.

**Frederick KIGA, Director, Washington State Department of Revenue; Gary O'Neil, Assistant Director, Special Programs Division; Gary W. Gilbert, Chief of Enforcement and Education, Washington State; Washington State Department of Revenue, unknown employees, agents and attorneys; Washington State Liquor Control Board, unknown employees and agents, Defendants—Appellees.**

No. 01–35894.

D.C. No. CV–00–05767–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Oct. 21, 2002.

Before BEEZER, GOULD and BERZON, Circuit Judges.

### ORDER *

This case involves a challenge to the State of Washington's taxes on cigarettes sold on Indian reservations to non-tribe customers and to the record keeping requirements for such sales. Appellants also seek to enforce a 1981 injunction issued by the U.S. District Court for the Eastern District of Washington. The U.S. District Court for the Western District of Washington held that the Tax Injunction Act ("TIA") barred appellants' tax challenge and that the court was without jurisdiction to hear appellants' claim related to the 1981 injunction. We affirm the district court's dismissal for lack of jurisdiction.

■ The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. When a case falls under its rubric, the TIA prohibits federal district courts from directly or indirectly enjoining state taxation by issuance of an injunction, *Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976), by declaratory relief, *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 588, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), or by awarding § 1983 damages, *Comenout v. Washington*, 722 F.2d 574 (9th Cir.1983).

Two exceptions are recognized by the TIA's jurisdictional bar: (1) if no "plain, speedy and efficient remedy" is available for appellants' claims in state court, § 1341, or (2) if the appellants qualify as federal instrumentalities. *Arkansas v. Farm Credit Servs.*, 520 U.S. 821, 823–24, 117 S.Ct. 1776, 138 L.Ed.2d 34. Neither exception applies to this case.

The appellants have a "plain, speedy and efficient remedy" for their claims in Washington state courts. Washington taxpayers who challenge state taxes on constitu-

---

* This judgment order is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tional grounds may seek an injunction in state court. *Tyler Pipe Industries, Inc. v. State Department of Revenue*, 96 Wash.2d 785, 638 P.2d 1213 (Wash.1982); Wash. Rev.Code § 82.32.150. Washington law also authorizes taxpayers to challenge the seizure of cigarettes in state forfeiture proceedings. Wash. Rev.Code § 82.24.135(5). Furthermore, § 1983 claims can be brought in Washington state courts. *See, e.g., Jacobsen v. City of Seattle*, 98 Wash.2d 668, 658 P.2d 653 (Wash.1983).

Appellants also are not federal instrumentalities. They are individual Indians and a private Indian-owned entity. "Although suits brought by Indian *tribes* may qualify under the federal instrumentality exception, we have clearly held that suits brought by individual Indians do not ... [A] private Indian-owned entity[ ] may not invoke the federal instrumentality exception." *Amarok Corp. v. State of Nevada, Dep't of Taxation*, 935 F.2d 1068, 1070 (9th Cir.1991).[1]

The appellants argue that the TIA is not applicable to § 1983 actions for damages. This argument fails. "The Tax Injunction Act bars individual Indians from suing [in federal district court] under section 1983 to challenge the enforcement of state tax laws so long as adequate state remedies are available." *Comenout*, 722 F.2d at 576. Furthermore, the Supreme Court has held that the principle of comity also bars federal courts from granting damages in § 1983 cases by state taxpayers alleging unconstitutional administration of a state tax system. *Fair Assessment in Real Es-*

tate Ass'n, Inc. v. McNary, 454 U.S. 100, 107, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

Appellants' claim related to the injunction issued by the U.S. District Court for the Eastern District of Washington was also properly dismissed by the U.S. District Court for the Western District of Washington. It almost goes without saying that the court against which contempt is alleged to have been committed has exclusive jurisdiction to punish for such contempt. *Ex parte Bradley*, 7 Wall. 364, 74 U.S. 364, 371–72, 19 L.Ed. 214 (1869).

The district court's dismissal is AFFIRMED.

---

1. Appellants argue that *Jefferson County v. Acker*, 527 U.S. 423, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999), effectively overrules *Amarok*. In *Acker*, the Supreme Court held that the TIA does not prevent taxpayers from defending themselves against tax collection suits brought by a state. *Id.* at 433–35. Appellants' suit, in contrast, is an anticipatory and

injunctive suit brought against the State. *Acker* itself noted that the TIA clearly applies to this type of suit. *See id.* at 433.

