**HOME DEPOT U.S.A., INC., Plaintiff—Appellant,**

v.

**COUNTY OF MARICOPA, a political subdivision of the State of Arizona, Defendant—Appellee.**

No. 01–17313.
D.C. No. CV–00–02394–SRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Dec. 10, 2002.

Before BERZON, TALLMAN and CLIFTON, Circuit Judges.

### MEMORANDUM *

Home Depot USA ("Home Depot") challenges Maricopa County, Arizona's taxation of property that Home Depot leased on tribal land owned by the Gila River Indian Community. Home Depot, the operator of a distribution center on this land, was from 1990 to 1997 taxed by Maricopa County on improvements to the property. Home Depot sought both a declaratory judgment that the taxes were unconstitutional and a full refund for the tax years 1990 to 1996; for 1997, Home Depot successfully pursued a state remedy.

The district court granted Maricopa County's motion to dismiss for lack of subject matter jurisdiction, concluding that the Tax Injunction Act, 28 U.S.C. § 1341, deprived it of jurisdiction and that Home Depot did not qualify for an exception to the Act's jurisdictional bar. We affirm this holding.[1] As the parties are familiar with the facts, we discuss only those necessary to our analysis.

1. The Tax Injunction Act provides that: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act "prohibits both declaratory and injunctive relief in state tax disputes as long as the taxpayer has an adequate remedy in state court." *Patel v. City of San Bernardino*, 310 F.3d 1138 (9th Cir.2002), *1; *see also Amarok Corp.*

*v. State of Nevada*, 935 F.2d 1068, 1069 (9th Cir.1991) ("the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground to invoke the equitable jurisdiction of federal courts." (internal quotation marks and citation omitted)). Under this Court's case law, the Act also prohibits monetary relief such as the tax refund requested here. *See Dillon v. State of Montana*, 634 F.2d 463, 466 (9th Cir.1980) (" § 1341 bars refund actions in federal court when adequate state remedies are available"). The present case therefore falls squarely within the scope of the Tax Injunction Act. Contrary to Home Depot's assertion, the Tax Injunction Act applies where the primary question raised is one of federal law.

2. Home Depot does not challenge the adequacy of the state remedy available to it for objecting to the taxation at issue. Rather, Home Depot claims eligibility for the federal instrumentality exception to the Tax Injunction Act. *See Amarok*, 935 F.2d at 1070 (federal instrumentality exception "operates to allow the United States or its instrumentalities access to the federal courts to enjoin the enforcement of state tax laws"). *Amarok* held that "suits brought by Indian *tribes* may qualify under the federal instrumentality exception" but found that even "a private Indian-owned entity ... may not invoke the federal instrumentality exception to the Act." *Id.* Home Depot is not an Indian tribe or any other type of federal instrumentality. It therefore does not qualify for this exception to the Tax Injunction Act.

Our decision does not depend on accepting the district court's characterization of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The standard of review for a district court's granting of a Fed. R. Civ. Pro. 12(b)(1) motion is de novo. *Fed. Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 635 (9th Cir.1989).

the challenged tax as one on possessory interests, although that characterization may well be correct. Even if the tax was directly on the tribal land leased by Home Depot, the Tax Injunction Act bars Home Depot, the land's lessee, from bringing suit in federal court. *Cf. Navajo Tribal Util. Auth. v. Ariz. Dep't of Revenue,* 608 F.2d 1228, 1233 (9th Cir.1979) ("To the extent that [a private economic entity's] interests are identified with the Tribe's, the Tribe itself will be able to protect those interests, should its leadership decide to do so.").

█ 3. Home Depot argues that this court should join the United States as a party to the litigation in order to cure the jurisdictional defect imposed by the Tax Injunction Act. The principal case cited in support of joinder is *California Credit Union League v. City of Anaheim,* 190 F.3d 997 (9th Cir.1999). That case, however, involved "a joint motion from the League and the United States to join the United States as co-plaintiff." *Id.* at 998. Moreover, *California Credit Union League* noted that "[t]he United States is requesting the same relief as the League . . . ." *Id.* at 999. Here, the United States has shown no interest, legal or otherwise, in Home Depot's claim, so there is no reason for this court to employ its sparingly exercised joinder power to cure a jurisdictional defect. *See id.* at 1001.

For the foregoing reasons, the district court's order is AFFIRMED.