**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JESSICA MAE MATHESON, DBA Jess's
Wholesale, II,

Plaintiff - Appellant,

v.

LEE SMITH; DOYLE MCMINN, Agents
or Employees of the Washington State
Department of Revenue; JOHN OR JANE
DOE, Supervisor to Doyle McMinn;
DOES 2-6, Other Unknown Agents or
Employees of the Washington State
Department of Revenue; WASHINGTON
STATE LIQUOR CONTROL BOARD;
WASHINGTON STATE DEPARTMENT
OF REVENUE; STATE OF
WASHINGTON,

Defendants - Appellees.

No. 12-35479

D.C. No. 3:11-cv-05946-RBL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 6, 2013
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS and TALLMAN, Circuit Judges, and WHYTE, Senior District Judge.[**]

Jessica Matheson ("Matheson") appeals the subject matter jurisdiction dismissal of her claims against the Washington Liquor Control Board, Department of Revenue, and named and unnamed employees of this latter department (collectively, "the State"), alleging the State's assessment of taxes and penalties violated her constitutional rights as a female Native American. She also appeals the district court's denial of leave to amend and supplement her complaint after the entry of final judgment against her. We affirm.

The district court properly determined that the Tax Injunction Act ("the Act") precludes federal court jurisdiction over Matheson's claims. The Act instructs that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This Act applies to claims for injunctive, declaratory, and monetary relief, *see Comenout v. State of Wash.*, 722 F.2d 574, 575-77 (9th Cir. 1983); *Dillon v. State of Mont.*, 634 F.2d 463, 464-65 (9th Cir. 1980), and the constitutional nature of a taxpayer's claims does not remove them from the Act's reach. *See Amarok Corp. v. State of Nev., Dep't of Taxation*, 935 F.2d 1068, 1069-70

---

[**] The Honorable Ronald M. Whyte, Senior United States District Judge for the Northern District of California, sitting by designation.

(9th Cir. 1991). However, claims that challenge the assessment of a charge that does not constitute a "tax" under the Act are not subject to its bar. *See Bidart Bros. v. Cal. Apple Comm'n*, 73 F.3d 925 (9th Cir.1996).

All of Matheson's claims are based on the State's assessment of taxes, interest, and penalties for her failure to pay taxes on cigarettes she purchased in Washington. She seeks an injunction and declaratory judgment against the assessment, and damages for the State's alleged discriminatory enforcement of this tax scheme. The constitutional nature of her claims does not remove them from the Act's reach. *See Amarok Corp.*, 935 F.2d at 1069-70. The assessments—which are imposed by the legislature upon a broad class of individuals and expended for the general public—constitute "taxes" under the Act. *See Qwest Corp. v. City of Surprise*, 434 F.3d 1176, 1183 (9th Cir. 2006); *Hexom v. Or. Dep't of Transp.*, 177 F.3d 1134, 1139 (9th Cir. 1999); *Bidart Bros.*, 73 F.3d at 931. Because Matheson's claims seek to interfere with the state's assessment and collection of taxes, and the assessments she challenges constitute "taxes," the Act applies to all of her claims.

Matheson argues that her status as an enrolled member of the Puyallup Tribe excepts her claims from the Tax Injunction Act. While the Act does not bar suits challenging state taxation brought by Native American tribes as such, *see Moe v. Confederated Salish & Kootenai Tribes*, 425 U.S. 463, 471-75 (1976); *Dillon*, 634

3

F.2d at 468-69, it does apply to claims brought by individual Native Americans, *see Amarok Corp.*, 935 F.2d at 1070. Matheson has brought this suit as an individual and she therefore does not fall within an exception to the Act based on her status as a member of the Puyallup Tribe.

Matheson contends the Act should not preclude jurisdiction because she did not have an adequate remedy in state court. The Act does not preclude federal jurisdiction where a "plain, speedy and efficient remedy" is not available in state courts to challenge the tax. 28 U.S.C. § 1341; *see May Trucking Co. v. Or. Dep't of Transp.*, 388 F.3d 1261, 1262 (9th Cir. 2004). "[A] taxpayer has a 'plain, speedy and efficient remedy' within the meaning of the [Act] so long as it may obtain a full and fair hearing in the courts of the state whose tax that taxpayer challenges." *May Trucking*, 388 F.3d at 1262. To meet this standard, there must be certainty that the state forum is "empowered to consider claims that a tax is unlawful and to issue adequate relief." *Dillon*, 634 F.2d at 467-68. A state remedy "need not . . . be 'the best remedy available or even equal to or better than the remedy which might be available in the federal courts.'" *Mandel v. Hutchinson*, 494 F.2d 364, 367 (9th Cir. 1974) (internal citation omitted).

Matheson had various "plain, speedy and efficient" state remedies available to her to challenge the tax assessment and penalty. Washington statutes and case law

4

clearly empower state courts to hear challenges—including those alleging constitutional violations—to cigarette tax and penalty assessments. Matheson could have brought her section 1983 claims, and sought an injunction based on her constitutional claims, directly in state court. *See* Wash. Rev. Code § 82.32.150; *Comenout*, 722 F.2d at 578 (citing *Jacobsen v. City of Seattle*, 658 P.2d 653 (Wash. 1983), in finding Washington state courts entertain section 1983 claims); *Tyler v. Pipe Indus., Inc. v. State Dep't of Revenue*, 638 P.2d 1213, 1215 (Wash. 1982) (en banc) (holding that § 82.32.150 empowers Washington courts to issue injunctions against tax collections when constitutional claims are raised). Matheson instead appealed the tax assessment to the Washington Board of Tax Appeals. *See Matheson v. Dep't of Revenue*, No. 09-098, 2011 WL 823105 (Wash. Bd. Tax App. Jan. 21, 2011). She appealed the Board's ruling against her in state court.[1]

---

[1] We grant the State's motion to take judicial notice of these related state court proceedings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record."). After a hearing, the Board determined Matheson had not proven that she disposed of the cigarettes in a tax exempt manner. *Matheson*, 2011 WL 823105, at *1. The superior court dismissed Matheson's petition for review and the Court of Appeals of the State of Washington affirmed this decision. *Jessica Mae Matheson, dba Jess's Wholesale v. Wash. Dep't of Revenue*, No. 42723-1-II (Wash. Ct. App. Sept. 17, 2012). In doing so, the court reviewed de novo Matheson's constitutional claims as possible grounds for an injunction and declined to review her claims for other types of relief since she had not yet paid the assessment. *Id.* Matheson appealed

(continued...)

5

That Matheson was required to pay the tax before bringing some of her claims in state court does not render the state remedies inadequate under the Act, even if Matheson cannot actually pay the assessment. *See Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 505, 528 (1981) (A state "remedy which requires property owners contesting their property taxes to pay under protest and if successful obtain a refund . . . is 'a plain, speedy and efficient remedy'[.]"); *Air Polynesia, Inc. v. Freitas*, 742 F.2d 546, 548 (9th Cir. 1984) (stating that a "demonstrated inability to pay a tax does not remove the jurisdictional bar of" the Act in a case where the plaintiff would have to pay the assessment before challenging it). Furthermore, here, the state courts reviewed her constitutional claims for purposes of potential injunctive relief. There were therefore plain, speedy and efficient state remedies available to Matheson and the Tax Injunction Act precludes federal court jurisdiction over her claims.

Because the Tax Injunction Act does in fact deprive the district court of jurisdiction, we do not reach the district court's alternative Eleventh Amendment ground for dismissal. *See May Trucking Co.*, 388 F.3d at 1271 n.8 ("Because we conclude that the [Tax Injunction Act] deprives the district court of subject matter

---

[1](...continued)
this adverse ruling all the way to the Supreme Court of the United States, which denied her petition for writ of certiorari. *Matheson v. Wash. Dep't of Revenue*, No. 13-135, 2013 WL 3939051 (Oct. 7, 2013).

jurisdiction, we need not and do not reach the district court's alternative grounds for dismissal.").

Finally, Matheson argues the district court abused its discretion in denying her motion to amend and supplement her complaint after the entry of final judgment against her. A district court abuses its discretion by denying leave to amend a complaint unless, among other factors, amendment would be futile or the party has engaged in undue delay. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The district court did not abuse its discretion here because it correctly found that *Lindauer v. Rogers*, 91 F.3d 1355 (9th Cir. 1996), prohibited it from entertaining her motion. Under *Lindauer*, once final judgment has been entered, "a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Id.* at 1357. Matheson had not filed a Rule 59 or 60 motion prior to filing her post-judgment motion to amend. Even if *Lindauer* were somehow inapplicable, the court did not abuse its discretion since Matheson's amendment would be futile.

**AFFIRMED**.

7