**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 3 2017

FOR THE NINTH CIRCUIT

SHAHID RANA; SABINA RANA, husband and wife,

　　　　　　　Plaintiffs-Appellants,

　v.

MARY CATHERINE SCHNEIDER; et al.,

　　　　　　　Defendants-Appellees.

No. 14-15640

D.C. No. 2:13-cv-00581-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted February 14, 2017[**]

Before: 　GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

　　Shahid Rana and Sabina Rana appeal pro se from the district court's

judgment dismissing the Ranas' action alleging federal and state law claims arising

from the Arizona Department of Revenue's attempts to levy and collect state taxes.

---

　　[*] 　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**] 　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Am. Fed'n of Gov't Emps., AFL-CIO Local 2152 v. Principi*, 464 F.3d 1049, 1052 (9th Cir. 2006), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We may affirm on any ground supported by the record, *Cardenas v. Anzai*, 311 F.3d 929, 938 (9th Cir. 2002), and we affirm.

The district court properly determined that it lacked subject matter jurisdiction over the Ranas' constitutional claims because the Tax Injunction Act bars taxpayers from challenging the validity of a state tax in federal court where there is an adequate remedy available in state court. *See* 28 U.S.C. § 1341 ("[D]istrict courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *Comenout v. Washington*, 722 F.2d 574, 575-77 (9th Cir. 1983) (the Tax Injunction Act applies to claims for injunctive, declaratory, and monetary relief); *see also* A.R.S. § 42-1251, *et seq.* (process for challenging state tax assessments).

Dismissal of the Ranas' claim for violation of the Fair Credit Reporting Act was proper because the Ranas failed to allege facts sufficient to state a claim. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (discussing elements of claim under 15 U.S.C. § 1681s-2(b)).

The district court properly concluded that the Ranas' state law claims were barred by Arizona's Public Entity Notice of Claim Statute because the Ranas failed to file a notice of claim containing "a specific amount for which the claim can be settled." Ariz. Rev. Stat. § 12-821.01(A); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (Ariz. 2007) (requiring strict compliance with the statutory requirements of § 12-821.01(A)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**