**Thayer C. LINDAUER and Helen Lindauer, husband and wife, Plaintiffs–Appellants,**

v.

**Thomas M. ROGERS, Defendant–Appellee.**

**No. 94–16110.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 1996.*

Decided Aug. 6, 1996.

As Amended Sept. 4, 1996.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without

W. Clifford Girard, Jr., Phoenix, Arizona, for plaintiffs-appellants.

John S. Schaper, Phoenix, Arizona, for defendant-appellee.

Before: CHOY, O'SCANNLAIN, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

## OVERVIEW

Thayer and Helen Lindauer appeal the district court's order striking their motion for leave to file a second amended complaint following an order granting summary judgment in favor of Thomas Rogers and dismissing the Lindauers' action with prejudice.[1] In this appeal, we must decide under what circumstances a district court may consider a Rule 15(a) motion to amend a complaint after entering judgment in the case. We hold that, after final judgment has been entered, a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60. We affirm the order of the district court.

## FACTS AND PRIOR PROCEEDINGS

The Lindauers brought this action in diversity against Thomas Rogers on September 14, 1992, in the United States District Court for the District of Arizona. They filed an amended complaint on November 5, 1992, which alleged claims for malicious prosecution and abuse of process against Rogers. These claims arose out of a domestic relations case in which Rogers, an attorney representing Thayer Lindauer's former wife, sought to have Lindauer Law Offices, P.C., a professional corporation, and Thayer Lindauer, as its sole shareholder, officer, and director, held in contempt for failure to fulfill an assignment of earnings. Rogers moved for summary judgment against both claims and the district court granted the motion on March 29, 1994. Judgment was entered dis-

oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

1. The Lindauers' Notice of Appeal states that they appeal "from the Order denying Plaintiffs' Motion For New Trial, and striking Plaintiffs' Motion for Leave to File Second Amended Complaint." However, their brief presents for review only two issues: (1) the timeliness of their motion for leave to file a second amended complaint; and (2) whether the district court erred in

striking that motion. The Lindauers' brief does not make any argument concerning the denial of their motion for a new trial. "It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned." *Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir.1988). Thus, we review only the district court's order striking the Lindauers' motion for leave to file a second amended complaint.

missing the Lindauers' action with prejudice on March 30, 1994. On April 13, 1994, the Lindauers filed motions for a new trial and for partial summary judgment. Before the district court ruled on these motions, on May 6, 1994, the Lindauers filed a motion for leave to file a second amended complaint. The Lindauers sought to add a claim for negligence against Rogers. On May 16, the district court ruled on all three motions. The district court held "[b]ecause there has been no trial in this matter, a Rule 59(a) Motion for New Trial is inappropriate," and treated that motion as one brought under Rule 59(e) to alter or amend the judgment: "the [Lindauers] argue that the First Amended Complaint stated claims that were not addressed in the Summary Judgment motion—namely, a claim for Negligence. However, the Court notes that the caption of the Amended Complaint reads 'Tort—Malicious Prosecution and Abuse of Process.' Nowhere does the Amended Complaint mention a claim for negligence, and the plaintiffs have not previously sought to amend the Complaint further to include such a claim." Therefore, the district court denied the Rule 59 motion on the merits and entered an order striking the motions for partial summary judgment and for leave to file a second amended complaint on May 13, 1994. The Lindauers timely filed their notice of appeal on June 10.

On appeal, the Lindauers argue that their motion for leave to file a second amended complaint was timely filed and, as such, should have been considered by the district court. Rogers asserts that, because judgment had been entered and not reopened under Rule 59 or 60, the district court was without power to hear the motion. This is the rule in many circuits. *See, e.g., Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 n. 1 (5th Cir.1981) (once judgment is entered the filing of an amended complaint not allowed unless the judgment is set aside under Rule 59 or 60); *Ruby Helm v. Resolution Trust Corp.,* 84 F.3d 874 (7th Cir. 1996)

(same); *Wilburn v. Pepsi–Cola Bottling Co.,* 492 F.2d 1288, 1290 (8th Cir.1974) (reversing the district court's denial of leave to file an amended complaint *after* grant of a Rule 59 motion); *Seymour v. Thornton,* 79 F.3d 980, 987 (10th Cir.1996) (once judgment is entered, the filing of an amended complaint is not permitted unless judgment set aside). In addition, both Moore and Wright & Miller state that this is the proper procedure. 3 James W. Moore, et al., Moore's Federal Practice ¶ 15.10 (2d ed. 1996); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1489 (2d ed. 1990).

While not rejecting this rule, we have not specifically held that a judgment must be reopened before a Rule 15(a) motion is considered. In *Jarvis v. Regan,* 833 F.2d 149 (9th Cir.1987) we stated:

The appellants first claim that, because they sought to amend their complaint prior to the filing of a responsive pleading, they were entitled to amend their complaint as a matter of right. Fed.R.Civ.P. 15(a). However, in the present case, a final judgment was entered on April 11, 1984, two days before the appellants sought to amend their complaint. Where a final judgment is entered following dismissal of an action, the plaintiff no longer has the right to amend the complaint as a matter of course. (Citations omitted.) Under these circumstances the appellants' amendment could be made only by leave of the court. 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1483 at 414 (1971).

*Id.* at 154–55.

Today, we find it consistent with *Jarvis* and consistent with our policy of promoting the finality of judgments to adopt the requirement that, once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60. The district court did not err in striking the Lindauers' motion for leave to file a second amended complaint.

## CONCLUSION

The district court's order is AFFIRMED.