**IMPERIAL PLAN, INC., a Corporation,**
**Plaintiff–Appellant,**

**v.**

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 94–56439.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1996.

Submission Withdrawn March 20, 1996.

Resubmitted Aug. 16, 1996.

Decided Sept. 6, 1996.

Steven R. Mather, Kajan, Mather & Barish, Beverly Hills, California, for plaintiff-appellant.

Teresa Milton and Gary R. Allen, United States Department of Justice, Washington, DC, for defendant-appellee.

Before: CANBY, BOOCHEVER, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Imperial Plan, Inc. appeals the district court's dismissal of its action seeking a refund of excise taxes paid under 26 U.S.C. § 4975. The district court held that it lacked subject matter jurisdiction because Imperial Plan had not timely filed a claim for refund with the Internal Revenue Service. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

## FACTS AND PRIOR PROCEEDINGS

Imperial Plan (IP) and Imperial Trust Company (ITC) are wholly-owned subsidiaries of Imperial Bank. From 1981 through 1984, ITC served as a fiduciary for a number of pension trust and Keogh plans that invested in loan participations packaged and sold by IP. ITC filed an Internal Revenue Service (IRS) Form 5500, Annual Return/Report of Employee Benefit Plan, on behalf of each of the pension trusts and Keogh plans for the years 1981–1984.

On January 10, 1985, in the mistaken belief that the loan participation transactions between ITC and IP constituted "prohibited transactions" under 26 U.S.C. § 4975, IP filed 68 separate Form 5330s, Return of Excise Taxes Related to Employee Benefit Plans, and paid the $237,863 in excise taxes imposed by § 4975.

On January 8, 1988, IP filed 68 refund claims corresponding to the 68 Form 5330s which it had previously filed. The IRS reviewed the refund claims and determined that the excise taxes paid by IP were not owed under § 4975 and that the refunds were allowable. However, the IRS took the position that the applicable statute of limitations barred all but 14 of the refund claims because ITC had filed the Form 5500s more than three years before IP made the refund claims.

IP brought this action in district court seeking a refund of the excise taxes paid with respect to the 54 disallowed claims. The IRS moved to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and the district court granted the motion. The district court held that the three year statute of limitations set forth at 26 U.S.C. § 6511 commenced when ITC filed the Form 5500s and that IP's refund claims, therefore, were untimely.

## ANALYSIS

■ We review de novo a district court's determination that it lacks subject matter jurisdiction. *Seven Resorts, Inc. v. Cantlen,* 57 F.3d 771, 772 (9th Cir.1995). Title 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit suit in the United States District Courts for the recovery of taxes which have been erroneously collected. However, "[n]o suit [for refund] ... shall be maintained in any court ... until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). To be "duly filed," a claim must be filed in accordance with, *inter alia,* the provisions of I.R.C. § 6511. *Miller v. United States,* 38 F.3d 473 (9th Cir.1994). "A timely claim is a jurisdictional prerequisite to an action for recovery of taxes paid." *Id.* at 474 (citations omitted).

■ Section 6511(a) provides:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later....

Thus, the issue raised in this appeal is whether the "return" referred to in § 6511(a) is the Form 5500 or the Form 5330. While § 6511(a), on its face, seems to refer to the Form 5330 as the relevant return, since that return is filed for the payment of excise taxes under § 4975, the Internal Revenue Code provides explicit instruction to the contrary. Section 6511(f) states that "[f]or purposes of any tax imposed by ... section 4975, the return referred to in subsection (a) shall be the return specified in section 6501(*l*)(1)." 26 U.S.C. § 6511(f). Section 6501(*l*)(1), in turn, states that in the case of taxes imposed by § 4975, the return "shall be the return filed by the private foundation, plan, trust, or other organization (as the case may be) for the year in which the act (or failure to act) giving rise to liability for such tax occurred." 26 U.S.C. § 6501(*l*)(1). The only return filed by an employee benefit plan is the informational Form 5500, Annual Return/Report of Employee Benefit Plan. Thus, the plain lan-

guage of the statute says that Form 5500 triggers the running of the three year statute of limitations set forth in § 6511(a). The district court did not err in holding that the statute of limitations commenced on the date ITC filed the Form 5500s.

## CONCLUSION

The district court's dismissal is AFFIRMED.