Jay SEGAL, Plaintiff–Appellant,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 99–17182.

D.C. No. CV–98–01264–GEB/PAN.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2001.*

Decided March 23, 2001.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

### MEMORANDUM **

█ Correctly concluding that no material issues of fact remained for trial, the district court properly granted summary judgment to Massachusetts Mutual Life Insurance Company ("Mass Mutual"). The district court correctly interpreted the unambiguous terms of the policy. The recurrent disability provision takes into account the earlier disability period with respect to the calculation of certain time periods, but did not forever establish the applicable benefit payment amount or the applicable benefit period for that recurrent injury. Pursuant to the terms of the policy, the amount of benefits and the benefit period could be changed at the insured's election, as they were in this case, and this intervening change was effective at the time Segal's disability recurred. As Mass Mutual effectively reissued the disability policy in its entirety, Cal. Ins.Code § 10321, which applies to changes "after issuance," is inapplicable. The district court also properly concluded that the modified policy was not an unenforceable exclusion of existing benefits without notice, but simply a change of benefits at the insured's specific request.

█ Segal has waived his argument that the district court abused its discretion by considering the declarations of two Mass Mutual employees because Segal does not explain in his brief to this court how the district court erred or cite any authority to support his argument. Fed. R.App. P. 28(a)(9)(A); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir.1988).

█ Finally, the district court did not abuse its discretion in denying Segal's motion to amend the judgment and permit amendment of his complaint. A Rule 15(a) motion to amend a complaint after judgment may be considered "only if the judgment is first reopened under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir.1996). Segal failed to demonstrate a legitimate reason to reopen the judgment, and the court therefore properly denied his motion. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir.1993).

AFFIRMED.

█

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.