**Theodore O'TOOLE, Plaintiff—Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant—Appellee.**

No. 02–55597.

D.C. No. CV–01–00750–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Theodore O'Toole appeals pro se the district court's judgment for the Internal Revenue Service ("IRS") in his action seeking a tax refund. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cement Masons Health & Welfare Trust Fund for No. Calif. v. Stone*, 197 F.3d 1003, 1005 (9th Cir.1999), *cert. denied,* —— U.S. ——, 122 S.Ct. 902, 151 L.Ed.2d 871 (2002), and we affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court properly concluded that because O'Toole did not file his administrative claim for a tax refund within two years of paying the tax, the administrative claim was untimely under 26 U.S.C. § 6511(a) and 26 C.F.R. § 301.6511(a)–1(a)(2). The district court therefore lacked subject matter jurisdiction over O'Toole's tax refund action. *See Imperial Plan, Inc. v. United States,* 95 F.3d 25, 26 (9th Cir.1996) (affirming dismissal for lack of subject matter jurisdiction where taxpayer failed to file a timely administrative tax refund claim under section 6511).

O'Toole contends that the two-year limitations period should be equitably tolled because of the IRS's late response to his Freedom of Information Act ("FOIA") request. However, section 6511 is not subject to equitable tolling. *See United States v. Brockamp,* 519 U.S. 347, 354, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997).

O'Toole failed to state a valid FOIA claim because he requested only monetary damages in this action, and the statute does not authorize such relief. *See* 5 U.S.C. § 552(a)(4)(B).

O'Toole's remaining contentions are not persuasive.

AFFIRMED.