CAROL GAMBLE TRUST 86; June L. Blackwell; Christopher Ford, as joint tenants; Terry Shores; Steve Rigg; Karl Weinacker; Ressoyia Anderson;

Mel Goodman; Slawomir Kownacki; John Bussjeager, on behalf of themselves and all others similarly situated, Plaintiffs—Appellants,

v.

E–REX, INC., f/k/a P.R. Stocks, A Nevada Corporation; Carl Dilley, individually; Donald A. Mitchell, individually; Joseph Pacheco, individually; Jeffrey M. Harvey, individually; Brian A. Lebrecht, individually; the Lebrecht Group, A Purported California Professional Corporation; Divedepot.com, Inc., a purported business entity; International Investment Banking, Inc., a Purported Florida Corporation, Defendants—Appellees.

No. 03–15032.

D.C. No. CV–02–00145–JCM/LRL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Jan. 5, 2004.

John F. O'Reilly, Esq., Mark E. Ferrario, Esq., D. Kevin DeGraw, Esq., O'Reilly & Ferrario, LLC, Las Vegas, NV, for Plaintiff–Appellant.

Ruben F. Sanchez, Esq., Leonardo & Sanchez, Woodland Hills, CA, Jay Earl Smith, Esq., Smith, Larsen & Wixom, Las Vegas, NV, for Defendant–Appellee.

Before BRIGHT,* D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM **

The Carol Gamble Trust and other similarly situated shareholders in E–Rex, Inc. (collectively the "Shareholders") brought a securities class action against E–Rex and its officers ("E–Rex Defendants"), as well as E–Rex's legal advisors, Brian Lebrecht

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and the Lebrecht Group ("Lebrecht Defendants"). The Shareholders allege that E–Rex bought and sold securities in violation of the Securities Act of 1933 ("1933 Act"), the Securities Exchange Act of 1934 ("1934 Act"), and Nevada state law. The district court determined that the shareholders' complaint failed to meet the stringent pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(1–3), and dismissed the complaint with prejudice. The shareholders appeal the district court's order denying reconsideration of this dismissal.

We review de novo the district court's dismissal of a federal securities complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 983 (9th Cir.1999). We also review de novo dismissal of a securities complaint without leave to amend. *Id.*

## I.

Pursuant to the PSLRA, a complaint alleging securities fraud must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1). In addition, the PSLRA requires that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind" for each alleged act or omission. *Id.* § 78u–4(b)(2). If a plaintiff fails to plead either the alleged misleading statements or scienter with particularity, the court must dismiss the complaint. *Id.* § 78u–4(b)(3)(A).

■ The Shareholders' complaint falls far short of the heightened pleading re-

quirements of the PSLRA. Two brief examples suffice to illustrate the complaint's shortcomings. First, the Ninth Circuit has held that "a private securities plaintiff proceeding under the PSLRA must plead, *in great detail,* facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." *In re Silicon Graphics,* 183 F.3d at 974 (emphasis added). The complaint does not plead sufficient facts to form the basis of strong circumstantial evidence of deliberately reckless or conscious misconduct. Rather, the complaint relies on broad allegations and boilerplate conclusions, such as, "Defendants knew and acted with scienter in its [sic] wrongful activities." Under the PSLRA's heightened pleading requirements, plaintiffs cannot establish scienter by making such general and conclusory allegations. *See DSAM Global Value Fund v. Altris Software, Inc.,* 288 F.3d 385, 390–91 (9th Cir.2002).

Second, the Shareholders make blanket assertions that *all* defendants are liable for false and misleading statements, including E–Rex's outside directors and its legal advisors. Under the PSLRA, Plaintiffs must plead *specific* facts attributing fraudulent acts to *each* of the named defendants. *See In re Tyco Int'l, Ltd., Sec. Litig.,* 185 F.Supp.2d 102, 114 (D.N.H.2002); *Allison v. Brooktree Corp.,* 999 F.Supp. 1342, 1350 (S.D.Cal.1998). By lumping defendants together throughout the complaint, the Shareholders fail to make this minimal showing.

The district court did not err in finding that the Shareholder's claims arising under the 1934 Act failed to satisfy the strict pleading requirements of the PSLRA. We AFFIRM on this issue.

## II.

■ The district court, however, did err in applying the PSLRA's heightened

pleading requirements to the Shareholders' claim brought under the 1933 Act. The Shareholders' second claim for relief alleges that the Defendants sold unregistered securities in violation of sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. § 77(e) and 77e(c).[1] A private right of action for violations of section 5 is authorized by section 12(a)(1) of the 1933 Act. 15 U.S.C. § 771(a)(1). Since the PSLRA, by its express terms, only applies to actions arising under the 1934 Act, the district court erroneously applied the PSLRA to the Shareholders' second claim for relief. *See Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir.2002) (holding that violations of sections 11 and 12 of the 1933 Act are not governed by the PSLRA).

Nonetheless, the Shareholders' claim under section 12(a)(1) must be pleaded with "particularity" under Federal Rule of Civil Procedure 9(b). Rule 9(b) governs all federal securities claims which are "grounded in fraud." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404–05 (9th Cir.1996). Because the district court did not address whether the Shareholders' second claim for relief satisfied Rule 9(b), we REVERSE and REMAND for a determination on this issue.[2]

## III.

■ The district court also erred in denying the Shareholders an opportunity to amend their complaint. After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by the consent of the adverse party. Fed.R.Civ.P. 15(a). Generally, Rule 15 advises that "leave shall be freely given when justice so requires." *Id.* In the Ninth Circuit, this policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). In the context of federal securities claims arising under the PSLRA, we have held that "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).

The Defendants rely on a single district court case, from outside this Circuit, for the proposition that the PSLRA restricts the provision for liberal amendment of complaints in Federal Rule of Civil Procedure Rule 15. *See In re Champion Enters., Inc., Sec. Litig.*, 145 F.Supp.2d 871 (E.D.Mich.2001). In *Champion*, the district court in Michigan reasoned,

> The plain language of the Reform Act does not contemplate amending complaints; it *does* set a high standard of pleading which if not met results in mandatory dismissal. The necessary goal of this plain, and strong language,

---

**1.** The complaint's third claim for relief also alleges a violation of section 17(a)(1) of the 1933 Act, 15 U.S.C. § 77q(a)(1), as well as Section 10(b) of the 1934 Act, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. 240.10B–5. However, there is no private right of action under Section 17(a), *see In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349, 1353–54 (9th Cir. 1987), therefore the third claim of relief must be construed as arising solely under Section 10(b) the 1934 Act and subject to the height-

ened pleading requirements of the PSLRA. It is therefore governed by the analysis in Part I and was appropriately dismissed.

**2.** We note, however, that to the extent that the 1933 Act claim proceeds against LeBrecht as an attorney, it cannot state a claim. *See, e.g., Pinter v. Dahl*, 486 U.S. 622, 648–51, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 535–36 (9th Cir.1989).

is that it should be dismissed *with prejudice.* To conclude otherwise would be to abrogate the very purpose of the legislation.

145 F.Supp.2d. at 873 (emphasis in original). However, in the Ninth Circuit, we have adopted precisely the opposite approach as the district court in *Champion.* In light of the difficulty the courts have in establishing a bright-line test for pleading securities fraud, we reasoned in *Eminence* that "adherence to [the principle of 'liberal' grants of leave to amend] is *especially* important in the context of the PSLRA." 316 F.3d at 1052 (emphasis added).

In *Eminence,* we held that a district court's denial of a leave to amend in the PSLRA was an abuse of discretion where the district court failed to "articulate why dismissal should be with prejudice." *Id.* Here, the district court similarly dismissed the Shareholders' complaint without articulating its reasons for denying leave to amend. Such "[a] simple denial of leave to amend without any explanation by the district court is subject to reversal." *Id.*

The district court never determined that the Shareholders' complaint could not be saved by amendment, as required by our case law. Instead, the district court simply found that the Shareholders' original, unamended complaint failed to meet the strict pleading requirements of the PSLRA. However, in the Ninth Circuit, failure to plead with the requisite specificity under the PSLRA does not, on its own, constitute grounds for dismissal with prejudice and without leave to amend. *See id.* at 1052–53.

The Defendants cite two cases within the Ninth Circuit in which we have upheld a district court's dismissal with prejudice of a securities claim arising under the PSLRA. *See Lipton v. Pathogenesis Corp.,* 284 F.3d 1027 (9th Cir.2002), and *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079 (9th Cir.2002). However, in both of these cases, the district court expressly determined that amendment would be futile because either all of the basic facts had already been alleged and still did not satisfy the pleading requirements of the PSLRA, *see Lipton,* 284 F.3d at 1039, or because the plaintiffs declined to offer additional facts when given the opportunity to do so, *see In re Vantive,* 283 F.3d at 1098. Moreover, in both of these cases, the district court had previously afforded the plaintiffs several opportunities to amend their complaint prior to the court's dismissal with prejudice. *See Lipton,* 284 F.3d at 1038; *In re Vantive,* 283 F.3d at 1097. No such opportunities were afforded to the Shareholders in this case.[3] Our case law simply does not support the Defendants suggestion that, under the PSLRA, plaintiffs have only a single "bite at the apple." *See Eminence,* 316 F.3d at 1053.

We REVERSE the district court's dismissal of the complaint with prejudice.

---

3. The district court apparently faulted the Shareholders for failing to attach a proposed amended complaint to the Shareholders' Motion for Relief from the court's order dismissing the action with prejudice. The District of Nevada Local Rule of Civil Practice 15–1 requires that "[t]he original proposed amended pleading shall be attached to any motion to amend a pleading." D. Nev. L.R. Civ. P. 15–1. However, the Shareholders were precluded from requesting leave to amend once the district court entered its final judgment, which unexpectedly dismissed the action with prejudice. *See Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir.1996) (holding that "a motion to amend the complaint can only be entertained if the judgment is first reopened under [Federal] Rule [of Civil Procedure] 59 or 60"). Therefore, it would have been procedurally improper for the Shareholders to file an amended complaint when the original complaint had already been dismissed with prejudice.

AFFIRMED in part, REVERSED in part, and REMANDED for an application of Rule 9(b) to the second claim for relief and to allow the Shareholders an opportunity to amend their complaint.