**Edward R. DANOFF, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 04–56060.

D.C. No. CV–03–00945–JVS.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edward R. Danoff, Santa Ana, CA, pro se.

Richard G. Stack, Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM**

Edward Danoff, an attorney, appeals pro se from the district's order dismissing his complaint for lack of jurisdiction. Danoff filed a complaint seeking a refund of income taxes in the amount of $22,382, which he asserted he overpaid in connection with his 1996 federal income tax return. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cement Masons Health & Welfare Trust*

*Fund for No. Calif. v. Stone,* 197 F.3d 1003, 1005 (9th Cir.1999), and we affirm.

■ The district court properly concluded that because Danoff did not file his claim for a tax refund within statutory three-year period, the refund claim was untimely under 26 U.S.C. § 6511(b). The district court therefore correctly concluded that it lacked subject matter jurisdiction over Danoff's tax refund action. *See Imperial Plan, Inc. v. United States,* 95 F.3d 25, 26 (9th Cir.1996) (affirming dismissal for lack of subject matter jurisdiction where taxpayer failed to file a timely administrative tax refund claim under section 6511); *Zeier v. United States,* 80 F.3d 1360, 1364 (9th Cir.1996) (holding that § 6511(b)(2)(A) is jurisdictional).

■ Danoff contends that the IRS should be equitably estopped from denying his refund claim because a IRS agents told him during a telephone inquiry that he had four years to file his tax return. Section 6511, however, is not subject to equitable exceptions. *See United States v. Brockamp,* 519 U.S. 347, 354, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), ("Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote."); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176 (9th Cir. 2001) ("[I]f a time limit is jurisdictional, it is not subject to the defenses of waiver, equitable tolling or equitable estoppel, although there may still be exceptions based on 'unique circumstances' ").

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.