MEMORANDUM **
Duane W. Larson and Pamela A. Larson appeal pro se from the district court’s judgments in these related cases dismissing for lack of subject matter jurisdiction then- action seeking a declaratory judgment in connection with the Internal Revenue Service’s (“IRS”) collection of federal income taxes and penalties assessed for tax years 1978,1979, and 1980 and denying the Larsons’ motion to amend pleadings in a refund action tried in 1999. We affirm.
Duane Larson paid his tax liabilities in full by October, 1997, but did not file the instant refund claim with the IRS until August 9, 2002. Because the Larsons did not file their administrative claim for a tax refund within two years of paying the tax, the administrative claim was untimely under 26 U.S.C. § 6511(a) and 26 C.F.R. § 301.6511(a)-1(a)(2). The district court therefore lacked subject matter jurisdiction over the Larsons’ tax refund action. See 26 U.S.C. § 7422(a); Omohundro v. United States, 300 F.3d 1065, 1067 (9th Cir.2002); Imperial Plan, Inc. v. United States, 95 F.3d 25, 26 (9th Cir.1996) (affirming dismissal for lack of subject matter jurisdiction where taxpayer failed to file a timely administrative tax refund claim under section 6511).
We review the denial of a motion to amend the pleadings under Fed.R.Civ.P. 15(b) for abuse of discretion. Galindo v. Stoody Co., 793 F.2d 1502, 1512 (9th Cir. *815 1986). In January, 2005, the Larsons filed a motion to amend the pleadings to their 1998 refund action. The district court did not abuse its discretion in denying the Larsons’ motion to amend the pleadings, because the issue of overcollection had not been tried by “express or implied consent,” and Larson admitted that he was not aware of the alleged overcollection until after that action had been concluded. See Fed.R.Civ.P. 15(b); see also Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir.1996) (“[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.”).
The Larsons’ remaining contentions lack merit.
No. 05-55789 AFFIRMED; No. 05-55892 AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.