**Richard PLESTINA, Plaintiff–Appellant,**

v.

**Douglas R. BAETZ; Glenn M. Gallant, Defendants–Appellees.**

No. 05–56089.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

Filed March 14, 2007.

Darren J. Quinn, Esq., Del Mar, CA, Thomas D. Mauriello, Esq., Law Offices of Thomas D. Mauriello, San Clemente, CA, for Plaintiff–Appellant.

Ernest A. Martz, Esq., Torrance, CA, Judith A. Jarvis, Esq., Law Offices of Judith A. Jarvis, P.A., Daniel Eckstein, Law Offices of Daniel N. Eckstein, Fort Lauderdale, FL, for Defendants–Appellees.

Before: GOODWIN, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

This case involves the tail-end of an action to recover for alleged securities violations. Richard Plestina appeals the district court's orders granting defendants' motion for judgment on the pleadings as to his securities claims and denying plaintiff's motion to alter, amend, or vacate the judgment and motion for leave to file an amended complaint.

Plestina does not contest that his pleadings were insufficient to withstand defendants' motion for judgment under Federal Rule of Civil Procedure 12(c). Rather, his sole assertion is that the district court should have allowed him to amend the complaint as to his securities claims. But Plestina failed to move to amend under Rule 15(a), in compliance with local rules, until after judgment had been entered. Once judgment was entered, the district court lacked the authority to review a Rule 15(a) motion unless the court reopened the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

judgment pursuant to Rule 59(e). *See Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir.2001); *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir.1996).

The district court did not abuse its discretion in denying plaintiff's Rule 59(e) motion. *See Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). Absent highly unusual circumstances not present in this case, a Rule 59(e) motion may only be granted "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Id.* at 740. Plestina does not identify any newly discovered evidence or an intervening change in law. His argument that the district court's failure to allow leave to amend the complaint constituted clear error and was manifestly unjust fails for the reason cited above. To permit Plestina to amend the complaint post-judgment—in light of his failure to move to amend within the three years the complaint was pending, despite having notice of the pleading's deficiencies since March 2002—would "grant him the forbidden second bite at the apple" and defeat the sound limits on reopening judgments under Rule 59. *Weeks,* 246 F.3d at 1236 (internal quotation marks omitted).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.