**Eric GRANT, Plaintiff–Appellant,**

v.

**Douglas R. BAETZ; Glenn M. Gallant; Does 1–100, Defendants–Appellees.**

No. 05–55936.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

Filed March 14, 2007.

Darren J. Quinn, Esq., Del Mar, CA, Thomas D. Mauriello, Esq., Law Offices of Thomas D. Mauriello, San Francisco, CA, for Plaintiff–Appellant.

Ernest A. Martz, Esq., Torrance, CA, Daniel Eckstein, Law Offices of Daniel N. Eckstein, Judith A. Jarvis, Esq., Law Offices of Judith A. Jarvis, P.A., Fort Lauderdale, FL, for Defendants–Appellees.

Glenn M. Gallant, Fort Lauderdale, FL, pro se.

Before: GOODWIN, BEEZER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Eric Grant appeals the district court's orders granting defendants' motion for judgment on the pleadings as to his securi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ties claims and denying plaintiff's motion to alter, amend, or vacate the judgment and motion for leave to file an amended complaint. For the reasons stated in the Memorandum Disposition disposing of the related case of *Plestina v. Baetz,* — Fed. Appx. ——.(9th Cir.2007), we affirm.

Grant failed to move to amend under Rule 15(a), in compliance with local rules, until after judgment had been entered,[1] at which point the district court lacked the authority to review a Rule 15(a) motion unless the court reopened the judgment pursuant to Rule 59(e). *See Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir.2001); *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir.1996). The district court did not abuse its discretion in denying plaintiff's Rule 59(e) motion. *See Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). To permit Grant to amend the complaint post-judgment—in light of his four-year pattern of dilatory tactics and failure to move to amend his complaint prior to entry of judgment—would defeat Rule 59's limitations on reopening judgments. *Weeks,* 246 F.3d at 1236.

**AFFIRMED.**

---

1. Grant unsuccessfully moved to amend the complaint in April 2001, about a month after the court-ordered deadline for doing so. The district court's 2001 order denying leave to amend is not before us on this appeal.

