MEMORANDUM **
Richard Slezak appeals pro se from the district court’s judgment dismissing his action to quiet title and for damages against TCIF and Select Portfolio Servicing, Inc. (“SPS”), the owner and servicer, respectively, of his mortgage. Slezak also appeals from the order denying his motion to amend the judgment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the decision to grant summary judgment, United States v. Johnson Controls, Inc., 457 F.3d 1009, 1012 (9th Cir. 2006), and we review for an abuse of discretion the order denying the motion to amend the judgment, McQuillion v. Duncan, 342 F.3d 1012, 1014 (9th Cir.2003). We affirm.
The district court properly granted summary judgment on Slezak’s claims that IndyMac’s mortgage assignment to TCIF was void or unenforceable because the assignment was evidenced by a written Loan Purchase and Sale Agreement executed by IndyMac’s representative, see Cal. Civ. Code § 1091, and the absence of recordation did not render the assignment void, see Robertson v. Peters (In re Weisman), 5 F.3d 417, 420 (9th Cir.1993) (under California law, “an unrecorded instrument is valid as between the parties thereto”).
*653 The district court also properly rejected Slezak’s argument that California’s recording statute renders the assignment unenforceable against him, because the November 2004 settlement agreement did not involve a “conveyance of real property,” Slezak received notice of sale of the mortgage, and he was not a “subsequent purchaser.” Cal. Civ.Code § 1214.
Slezak argued for the first time in his motion to amend the judgment that SPS had no legal authority to initiate foreclosure proceedings in 2005. The district court did not abuse its discretion by rejecting this argument because Slezak failed to demonstrate any basis for reconsideration. See McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir.1999) (per curiam) (en banc) (“A motion for reconsideration under Rule 59(e) ‘should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed dear error, or if there is an intervening change in the controlling law.’ ” (quoting 889 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999))).
The district court did not abuse its discretion by denying Slezak’s request for a continuance under Federal Rule of Civil Procedure 56(f) because a Rule 56(f) motion must be made before the summary judgment hearing. Ashton-Tate Corp. v. Ross, 916 F.2d 516, 519-20 (9th Cir.1990).
The district court properly denied leave to amend the complaint after judgment was entered because “once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.” Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir.1996).
Slezak’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.