**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER A. GEIER, | No. 12-16288 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01965-SI |
| v. | |
| STREUKER, Dr., DDS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Christopher A. Geier, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation in violation of the First Amendment. We have jurisdiction under 28

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Geier failed to raise a genuine dispute of material fact as to whether defendant's actions did not reasonably advance a legitimate correctional goal. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (a prisoner plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct he complains of"); *cf. Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (recognizing that prisons must provide "a system of ready access to adequate dental care").

The district court did not abuse its discretion in staying discovery pending resolution of defendant's summary judgment motion. *See Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) ("Qualified immunity confers upon officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." (citation and internal quotation marks omitted)); *see also Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (setting forth applicable standard of review).

The district court did not abuse its discretion in denying Geier's motion to reconsider its summary judgment because Geier failed to establish any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5

F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth grounds for reconsideration). Accordingly, the district court properly denied Geier's post-judgment motion to amend his complaint. *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.").

Geier's motion to correct the record is denied. *See* Fed. R. App. P. 10(e); *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987) ("[N]ormally the reviewing court will not supplement the record on appeal with material not considered by the trial court.").

**AFFIRMED.**