NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH CHIDI ANORUO, | No. 14-15391 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01190-JCM-GWF |
| v. | |
| ROBERT A. McDONALD, Secretary of Veteran Affairs, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 25, 2016**

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Joseph Chidi Anoruo appeals pro se from the district court's summary

judgment in his Title VII employment action alleging discrimination on the basis

of national origin and retaliation.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment on Anoruo's discrimination claim because Anoruo failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-discriminatory reason for not promoting him was pretextual. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640-42 & n.5 (9th Cir. 2004) (discussing elements of a discrimination claim under Title VII and explaining that circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Anoruo's retaliation claim because Anoruo failed to raise a genuine dispute of material fact as to whether there was a causal link between his pending discrimination claim and defendant's decision not to promote him. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-36 (9th Cir. 2006) (setting forth the elements of a prima facie case of retaliation and finding that the plaintiff failed to establish a causal link where seven months passed between his protected activity and his termination).

The district court did not abuse its discretion by striking Anoruo's surreply

14-15391

in relation to defendant's motion to dismiss because Anoruo did not seek leave of court in accordance with the local rules. *See* D. Nev. R. 7-2 (discussing filings permitted in support of and in opposition to motions); *see also Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (standard of review); *Delange v. Dutra Constr. Co., Inc.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (district courts enjoy "broad discretion in interpreting and applying their local rules" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Anoruo's motion to compel discovery of his performance appraisal. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (stating standard of review and noting that the trial court's broad discretion will not be disturbed "except upon the clearest showing that denial of discovery results in actual and substantial prejudice" to the complaining litigant (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by ordering sanctions for Anoruo's failure to appear at his deposition. *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (providing that a court may order sanctions for failing to appear for a deposition); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (standard of review).

14-15391

The district court did not abuse its discretion by denying Anoruo's motions for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b) because Anoruo failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Rules 59(e) and 60(b)).

The district court did not abuse its discretion by denying Anoruo's postjudgment motion for leave to file an amended complaint. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (standard of review); *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60[.]").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-15391