NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAY J. SALAZAR, | No. 17-16138 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05235-EDL |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted March 31, 2020[**]
San Francisco, California

Before: GOULD and CHRISTEN, Circuit Judges, and LASNIK,[***] District Judge.

We write primarily for the parties who are familiar with the facts. Jay

Salazar, a former student at the UCSF School of Medicine ("School of Medicine"),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

brought this action alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, as well as race discrimination and retaliation in violation of § 1981 of the Civil Rights Act, 42 U.S.C. § 1981.[1] The district court ultimately dismissed Salazar's complaint without leave to amend for failure to state a claim. Salazar appeals.

1. The district court did not abuse its discretion in denying Salazar's post-judgment motion to alter or amend the judgment. *See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009); Fed. R. Civ. P. 59(e). Given the record in this matter, including the numerous times Salazar expressly asserted that his disability discrimination claims were based on his ADHD and reading disorder, and his silence in the face of the district court's adoption of that theory, it was not manifest error for the district court to evaluate Salazar's disability claim in light of his learning disabilities. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) ("At some point . . . a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible [ground] for relief and should be

---

[1] Salazar's additional claims for negligence, violation of § 1983 of the Civil Rights Act, and violations of Equal Protection and Due Process under the Fifth and Fourteenth Amendments were dismissed with prejudice in the court's first order of dismissal and are not at issue on appeal.

17-16138

considered." (alteration in original) (citation omitted)). On appeal, Salazar argues that he should be permitted to amend his complaint to clarify the link between his depression and anxiety, and his dismissal from the School of Medicine. Having properly declined to reopen the judgment under Rule 59(e), however, the district court was within its discretion to deny Salazar leave to further amend his complaint in keeping with "our policy of promoting the finality of judgments." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996); *see also Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173-74 (9th Cir. 2017).

2.      Furthermore, the district court did not abuse its discretion in declining to reopen the proceedings to allow Salazar to add new allegations regarding defendant Papadakis in support of his § 1981 race discrimination claims. *See Lindauer*, 91 F.3d at 1357; *Navajo Nation*, 876 F.3d at 1173. Salazar was granted leave to amend his original complaint to clarify his race discrimination claims. Following the district court's entry of judgment, Salazar offered no justification for his failure to timely assert facts known since the beginning of this dispute, and failed to show that amendment or alteration of the judgment was appropriate under Rule 59(e). *Cf. Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (describing grounds upon which a Rule 59(e) motion may be granted).

3.      The district court did not err in holding that Salazar's ADA disability discrimination claims were time-barred. Salazar's properly pled claims for

disability discrimination based on his ADHD and reading disorder were not made possible by the 2008 amendments to the ADA, *see, e.g.*, *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1043-51 (9th Cir. 1999), and accordingly, the district court properly dismissed them as time-barred under the applicable three-year statute of limitations. *See, e.g.*, *Sharkey v. O'Neal*, 778 F.3d 767, 770-73 (9th Cir. 2015).

4.      Reviewing *de novo*, *see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004), we conclude that the district court properly held that Salazar failed to assert an ADA claim for disability discrimination based on his depression and/or anxiety.  Even when construed liberally and in favor of the pro se litigant, *see, e.g.*, *Bias v. Moynihan*, 508 F.3d 1212, 1222 (9th Cir. 2007), the allegations in Salazar's amended complaint do not provide notice of a disability claim based on depression or anxiety, and do not raise a plausible inference that Salazar was dismissed from the School of Medicine because of those disabilities.  *Cf. Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam) (describing elements of ADA disability discrimination claim).

5.      The district court properly dismissed Salazar's § 1981 race discrimination and retaliation claims on the ground that he failed to plead facts raising a plausible inference that his dismissal from the School of Medicine was racially motivated.  Although a pro se plaintiff's pleadings are construed liberally,

4                                                    17-16138

even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). According to Salazar's amended complaint, the last race-based comment was made in September 2010, two full years before he was disenrolled from the School of Medicine. The timing of the events and the record in this case do not raise an inference that Salazar's race motivated his dismissal.[2]

6.     We also agree with the district court that Salazar failed to allege any facts giving rise to a plausible inference that his dismissal was retaliatory. Most of Salazar's allegations of retaliation mirror his allegations of race discrimination and have nothing to do with a protected activity.[3] *Cf. Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003) (summarizing elements of Title VII retaliation claims); *see also Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 801 (9th Cir. 2003) ("[T]hose legal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action." (citation omitted)).

---

[2] We also reject as conclusory Salazar's bald assertions that he was not provided reasonable accommodations for his learning disabilities because of his race.

[3] The one exception is Salazar's allegation that defendants Shim, Papadakis, and Chen retaliated for his filing of administrative complaints by conspiring to have him involuntarily committed in June 2011. However, this alleged adverse action falls well outside of the longest possible limitations period for a § 1981 claim.

7.    Finally, reviewing *de novo*, *see Forbess v. Franke*, 749 F.3d 837, 839 (9th Cir. 2014), we conclude that the district court did not err in concluding that equitable tolling did not apply to Salazar's disability and race discrimination claims.[4]  "We borrow our rules for equitable tolling from the forum state, California," *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 (9th Cir. 2014), and conclude that the allegations in the amended complaint do not raise a plausible inference of (1) timely notice to defendants of Salazar's earlier claims, (2) lack of prejudice to defendants in their efforts to prepare a defense against the later claim, or (3) good faith and reasonable conduct, considering Salazar's nearly four-year delay in bringing the claims asserted herein.  *Id.*

**AFFIRMED.**

---

[4] Relatedly, we reject Salazar's argument, raised for the first time on appeal, that he "should be allowed to plead additional facts establishing (1) how he notified the defendants of the final administrative complaint, (2) the specific content of each administrative complaint, and (3) why he waited two years beyond his bankruptcy to file this lawsuit."  Salazar offers no authority for the proposition that a litigant can seek to amend the operative pleading for the first time on appeal.  *Cf. Cornhusker Cas. Ins. Co. v. Kachman*, 553 F.3d 1187, 1191 (9th Cir. 2009).