**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUILLER BARNES, | No. 20-15733 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00558-KJM-CKD |
| v. | |
| INTERNAL REVENUE SERVICE COMMISSIONER, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Quiller Barnes appeals pro se from the district court's judgment dismissing

his action alleging claims arising out of his erroneous 1996 tax return.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of

subject matter jurisdiction.  *Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 1996).  We affirm.

The district court properly dismissed Barnes's action because Barnes failed to file timely administrative refund claims with the Internal Revenue Service.  *See* 26 U.S.C. § 6511(a) (requiring refund claim to be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later); 26 U.S.C. § 7422(a) (court cannot hear refund suit without filing of administrative refund claim with IRS); *Imperial Plan, Inc.*, 95 F.3d at 26-27 (affirming dismissal for lack of subject matter jurisdiction where taxpayer failed to file a timely administrative tax refund claim under § 6511).

The district court did not abuse its discretion by dismissing Barnes's action without leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as meritless Barnes's contentions that his suit is not a refund suit and that there is jurisdiction under the Employee Retirement Income Security Act.

**AFFIRMED.**