NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALI R. POORSINA,

        Plaintiff-Appellant,

v.

TAN TSENG; TERRENZ KUKANT CAM;
BOI ANH HONG; KEVIN TU CAM,

        Defendants-Appellees.

No.    23-15430

D.C. No. 3:20-cv-09122-VC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted November 5, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Appellant Ali Poorsina appeals the district court's dismissal of his complaint

due to his failure to state a claim and denial of his two post-judgment Federal Rule

of Civil Procedure 59(e) motions for reconsideration. We have jurisdiction

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291 and affirm.

1. We review de novo the district court's Rule 12(b)(6) dismissal of Appellant's complaint. *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1197 (9th Cir. 2012).[1]

Appellant's first claim alleges a violation of the Sherman Act, 15 U.S.C. § 1. To state a claim under the Sherman Act, a plaintiff must, among other requirements, plead that he was "harmed by the defendant's anti-competitive contract, combination, or conspiracy, and that this harm flowed from an 'anti-competitive aspect of the practice under scrutiny.'" *Brantley*, 675 F.3d at 1197 (quoting *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990)). As the district court recognized, the harm Appellant alleged in his first amended complaint—the loss of his home and business—stemmed from the foreclosure on his property, not from any alleged anticompetitive behavior during the foreclosure sale. Dismissal was, therefore, proper.

///

---

[1] Appellees contend that we should construe the district court's order as a dismissal for failure to obey a court order pursuant to Rule 41(b). But the district court's order neither cites Rule 41(b) nor considers the factors relevant to such a dismissal. Moreover, the order merely granted leave to file an amended complaint by a certain deadline; it did not require Appellant to file one or "indicate that failure to do so would result in dismissal of the complaint pursuant to Rule 41(b)." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 (9th Cir. 2019). Therefore, we construe the order as a Rule 12(b)(6) order.

It is not apparent from his briefing that Appellant challenges the dismissal of his second claim for conspiracy to commit mail fraud under 18 U.S.C. § 1341. This is just as well because, as the district court noted in its order dismissing Appellant's initial complaint, we have not recognized a private right of action under § 1341 outside the RICO context. *See Wilcox v. First Interstate Bank of Or., N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) (Boochever, J., dissenting) (citing cases finding no congressional intent to create private right of action under criminal mail fraud statute).[2]

2.    The district court did not abuse its discretion in denying Appellant's Rule 59(e) motions for reconsideration. *See Pasatiempo ex rel. Pasatiempo v. Aizawa*, 103 F.3d 796, 801 (9th Cir. 1996) (recognizing standard of review). Rather than file an amended complaint, Appellant resubmitted a copy of his opposition to Appellees' motion to dismiss. He argued that reconsideration was warranted because he did not know he had to file an amended complaint. The district court did not err in recognizing that reason as insufficient to compel the

---

[2]    Though the district court had initially granted Appellant leave to amend, after Appellant failed to do so, the court dismissed the case with prejudice. "We review for abuse of discretion a district court's dismissal with prejudice and without leave to amend." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). Given that among the multiple documents Appellant filed between the issuance of the Rule 12(b)(6) order and the final order dismissing the case with prejudice, none addressed the deficiencies of his claims, we find it was not an abuse of the court's discretion to conclude that permitting further amendment of Appellant's complaint would be futile.

"extraordinary remedy" of reconsideration under Rule 59(e). *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)).[3]

**AFFIRMED.**

---

[3] One of Appellant's Rule 59(e) motions invoked Rule 15. To the extent Appellant seeks to appeal the denial of a Rule 15 motion to amend his complaint, the district court's judgment is affirmed. "[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).